KAHN, Judge.
Wayne Phillips appeals a workers’ compensation order denying him medical benefits and temporary total or temporary partial disability benefits. The Judge of Compensation Claims (JCC) found that Phillips did not carry his burden of proving that an accident occurred on December 15, 1990 and failed to establish that his present back condition is causally related to the October 5, 1986 accident.
On October 5, 1986, Mr. Phillips sustained a work related injury while employed by Hague Water Conditioning. As a result, Phillips suffered a herniated disc at L5-S1 on the right and underwent a laminectomy on February 5, 1987.[1] Phillips continued to receive medical treatment relating to the 1986 accident through November, 1990. On October 25, 1990, Phillips began to work for Progress Drywall & Stucco, Inc. as a metal framer. Phillips testified that on Saturday, December 15, 1990, he worked for Progress at the Collier County Courthouse and experienced back pain. The next Monday, Phillips quit working for Progress because he needed to make more money and began working for Distinctive Drywall. Phillips worked for Distinctive Drywall until January 15, 1991. During this time, Phillips’ back pain became progressively worse. In January, 1991, Phillips visited Dr. John S. Fifer, Jr., an orthopedic surgeon, who has treated him since 1986. Dr. Fifer diagnosed Phillips as having a large herniated disc at the L5-S1 level on the right and performed a discectomy and a fusion on March 12, 1991.
We affirm the findings as to the 1990 accident because competent substantial evidence supports the JCC’s conclusion that Phillips did not suffer a compensable accident on December 15, 1990 while employed with Progress Drywall & Stucco, Inc. We conclude, however, that Dr. Fifer’s opinion that Phillips’ 1991 condition was probably causally related to the 1986 injury is unre-futed. The JCC did not reject this opinion. Accordingly, the record lacks competent substantial evidence to support the JCC’s conclusion that none of Phillips’ medical problems were related to the October 5, 1986 accident. We reverse this portion of the order and remand for further proceedings.
WIGGINTON and MICKLE, JJ., concur.

. On November 25, 1987, Phillips settled the indemnity portion of his claim with Hague, but the medical portion of the claim remained open.